**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RSUI INDEMNITY COMPANY,<br><br>   Plaintiff,<br><br>v.<br><br>PARLOR SPORTS BAR, INC. a/k/a<br>PARLOR SPORTS, INC.,<br><br>   Defendant. | Case No. 1:21-cv-4584 |

**COMPLAINT FOR DECLARATORY JUDGMENT**

RSUI Indemnity Company ("RSUI"), by and through its attorneys, Walker Wilcox Matousek LLP, for its Complaint for Declaratory Judgment against Defendant Parlor Sports Bar, Inc. a/k/a Parlor Sports, Inc. ("Parlor"), under 28 U.S.C. §§ 2201-2202, states as follows.

1. RSUI is an insurance company seeking a declaratory judgment that it has no duty to defend or indemnify Parlor under RSUI's Liquor Liability Policy No. NBA002026 00 (the "Policy," attached as Exhibit A) for a claim filed against Parlor in a lawsuit captioned *Pace v. Parlor Sports, Inc., et al.*, No. 2021-L-005704, pending in the Circuit Court of Cook County, Law Division (the "*Pace* Action") (the complaint in the *Pace* Action is attached as Exhibit B).

2. The *Pace* Action was brought by Tyrone Pace ("Pace") against Parlor and Cicero Partners LLC. The *Pace* Action alleges 10 causes of action, five of which are against Parlor, including one count under the Illinois Dram Shop Act (the "Dram Shop Act"), 235 ILCS 5/6-21, and four counts of negligence.

**PARTIES**

3. RSUI is organized and exists under the laws of New Hampshire with its principal place of business in Atlanta, Georgia.

4. Parlor is an Illinois corporation with its principal place of business at 5812 West 35th Street, Suite B, Cicero, Illinois.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1332(c)(1) because there is complete diversity between RSUI and Parlor, and the amount in controversy, exclusive of interest, exceeds $75,000.

6. This Court has personal jurisdiction over Parlor because it has its principal place of business in Illinois and regularly conducts business in Illinois.

7. This Court has the power to issue a declaratory judgment regarding RSUI's rights and obligations pursuant to the Policy under 28 U.S.C. §§ 2201-2202.

8. This Court is a proper venue under 28 U.S.C. § 1391(b)(1) because Parlor has its principal place of business in this judicial district.

9. Due to the dispute between RSUI and Parlor about the existence of coverage for the *Pace* Action, there is an actual case or controversy between the parties.

## FACTUAL ALLEGATIONS

### *Pace Action*

10. On June 3, 2021, Pace filed the *Pace* Action in the Circuit Court of Cook County against Parlor and Cicero Partners LLC, an entity that RSUI does not insure, arising out of an alleged assault and battery of Pace by Robert Griggs ("Griggs").[1] (*See* Ex. B.)

11. The *Pace* Action alleges that on or about January 5, 2021, Pace and Griggs were patrons at Parlor, a bar located at 5821 West 35th Street, Illinois. (*Id.* at Count I.)

---

[1] The *Pace* Action alleges that Pace was assaulted by Griggs and a "Robert Platt." References to Robert Platt appear to be in error, and Pace alleges a single assault by Griggs. Neither Griggs nor Platt is named as defendants in the *Pace* Action.

12. Parlor employees allegedly served Griggs alcohol to the point of intoxication, and thereafter, Griggs "violently and physically assaulted [Pace] in said establishment, thereby severely injuring him." (*Id.* at Count I, ¶¶ 3-4.)

13. Because of the assault, Pace allegedly suffered damages in the form of severe and permanent injuries, both internal and external, the loss of his ability to attend to his usual duties and affairs, and the loss of large sums of money Pace had to and will have to pay for medical care and services. (*Id.* at Count I, ¶ 6; Count II, ¶ 12; Count III, ¶ 6; Count IV, ¶ 9; Count V, ¶ 10.)

14. The *Pace* Action states five causes of action against Parlor: one count under the Illinois Dram Shop Act (the "Dram Shop Act"), 235 ILCS 5/6-21, and four counts of negligence. (*Id.* at p. 1-10)

15. The *Pace* Action seeks actual damages in excess of $50,000 as to each count alleged against Parlor. (*Id.*)

*The Policy*

16. RSUI issued the Policy to Parlor for a period of January 6, 2020 to January 6, 2021. (Ex. A, Declarations).

17. The Policy provides, in relevant part, liquor liability coverage for occurrences during the Policy period, with a $65,990.23 Each Person Bodily Injury Limit and an $80,654.73 Loss of Means of Support Or Loss of Society Limit. (Ex. A, Endorsement, Illinois Changes – Liquor Liability, Form LLG 30231 0310.)

18. The Policy contains, in part, the following Liquor Liability[2] insuring agreement:

**I. LIQUOR LIABILITY COVERAGE**

**A. Insuring Agreement**

1. We will pay those sums that **you** become legally obligated to pay as damages because of **injury** to which this insurance applies if liability for **injury** arises out of the selling, serving or furnishing of any alcoholic beverage. The sale, service and furnishing of the alcoholic beverage must take place at or from the **insured premises**.

(Ex. A, Liquor Liability Coverage Section, Sec. I.A.1.)

19. The Policy gives RSUI the right and duty to defend any **suit** seeking damages. (Ex. A, Liquor Liability Coverage Section, Sec. I.A.3.)

20. The Policy defines the term "**injury**" as "all damages, including damages because of **bodily injury** and **property damage,** and including damages for care, loss of services or loss of support." (Ex. A, Liquor Liability Coverage Section, Sec. IV.F.)

21. The Policy defines the term "**bodily injury**" as "**bodily injury**, sickness or disease sustained by a person, including death resulting from any of these at any time." (Ex. A, Liquor Liability Coverage Section, Sec. IV.B.)

22. The Policy includes an endorsement, entitled **EXCLUSION – ASSAULT AND BATTERY** (the "Assault and Battery Exclusion"). (Ex. A., Form LLG 30603 0416.)

23. The Assault and Battery Exclusion provides, in pertinent part:

A. The following items are added to **Section II. EXCLUSIONS**:

This insurance does not apply to:

1. Any claim or **suit** to recover damages for **injury** arising from actual or alleged **assault** and/or **battery** and any claim or **suit** for false arrest, false detention or false imprisonment, where such false arrest, false detention or false imprisonment is connected to or arises in the sequence of events related to actual or alleged **assault** and/or **battery**. We are under no duty to

---

[2] Bold and capitalized terms not defined herein are defined in the Policy.

defend or indemnify an insured regardless of the degree of culpability or intent and without regard to:

a. Whether the acts are alleged to be by or at the instruction or at the direct of the insured, his officers, **employees**, agents or servants; or by any other person lawfully or otherwise on, at or near premises owned or occupied by the insured; or by any other person;
b. The alleged failure or fault of the insured, or his officers, **employees**, agents or servants, in the hiring, training, supervision, retention or control of any person, whether or not an officer, **employee**, agent or servant of the insured;
c. The alleged failure or fault of the insured, or his officers, **employees**, agents or servants, to attempt to prevent, suppress, bar or halt any such conduct.
d. Any actual, threatened or alleged **assault** or **battery**;
e. The failure of any insured or anyone else for whom any insured is or could be held legally liable to render or secure medical treatment necessitated by any **assault** or **battery**;
f. The rendering of medical treatment by any insured or anyone else for whom any insured is or could be held legally liable that was necessitated by any **assault** or **battery**;
g. The negligent:
   (1) Investigation; or
   (2) Reporting to the proper authorities, or failure to so report;
   of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by 1.a. through 1.f. above;
h. Any other cause of action or claim arising out of or as a result of 1.a. through 1.g. above.

\*   \*   \*

3. We shall have no duty to defend or indemnify any claim, demand, **suit**, action litigation, arbitration, alternative dispute resolution or other judicial administrative proceeding seeking damages, equitable relief, injunctive relief, or administrative relief where:

   a. Any actual or alleged **injury** arises out of any combination of an **assault** or **battery**-related cause and a non-**assault** or **battery**-related cause.
   b. Any actual or alleged **injury** arises out of a chain of events which includes **assault** or **battery**, regardless of whether the **assault** or **battery** is the initial precipitating event or a substantial cause of **injury**.
   c. Any actual or alleged **injury** arises out of **assault** or **battery** as a concurrent cause of **injury**, regardless of whether the **assault** or **battery** is the proximate cause of **injury**.

5

> Further, no coverage or duty to defend is provided if the underlying operative facts constitute an **assault** and/or **battery** irrespective of whether the claim alleges failure to provide adequate security in any way.

(Ex. A, Form LLG 30603 0416.)

24. The Policy defines the term "**Assault**" as "the apprehension of harmful or offensive conduct between or among two or more persons by threats through words or deeds, and includes, but is not limited to, apprehension of contact of a physical or sexual abuse nature." (Ex. A, Exclusion – Assault and Battery, Sec. B.1.)

25. The Policy defines the term "**Battery**" as "the harmful or offensive contact between or among two or more persons, and includes, but is not limited to, contact of a physical or sexual nature." (Ex. A, Exclusion – Assault and Battery, Sec. B.2.)

### *Parlor Seeks Coverage*

26. On June 23, 2021, Parlor's insurance broker tendered the *Pace* Action for coverage by email.

27. On July 22, 2021, RSUI responded to Parlor by letter sent via certified mail, return receipt requested, and regular mail. (A true and correct copy of the letter is attached as Exhibit C.)

28. Parlor received the letter on July 24, 2021. (True and correct copies of the return receipt and USPS tracking result are attached as Exhibit D.)

29. In the July 22 letter, RSUI informed Parlor that there is no coverage under the Policy for the *Pace* Action because of the Assault and Battery Exclusion, reserved all rights, and asked for Parlor to execute a waiver of coverage form. (Ex. C, p. 5-6.)

30. In the July 22 letter, RSUI denied coverage for the *Pace* Action because the Policy expressly excludes coverage for actions arising out of assault and battery. (*Id.*)

31. The *Pace* Action alleges that Griggs "violently and physically assaulted" Pace on

Parlor's premises, severely injuring Pace. (Ex. B., Count I, ¶ 4.)

32. The *Pace* Action alleges that as a direct and proximate result of Parlor's actions and negligence, Parlor did not prevent the assault and battery of Pace allegedly committed by fellow patron Griggs. (Ex. B, p. 1-10.)

33. The Assault and Battery Exclusion wholly precludes coverage for the *Pace* Action under the Policy, and no exceptions to the exclusion apply.

34. Following its denial and request that Parlor withdraw its claim for coverage, RSUI received no response to its request.

35. RSUI sent an email to Parlor's representative to confirm that Parlor received the letter and ask that Parlor withdraw the claim for coverage. RSUI received no response to that email. (A copy of the email is attached as Exhibit E.)

36. RSUI maintains that there is no coverage available for the *Pace* Action, and further efforts to resolve the matter have failed.

37. RSUI now seeks a declaration that there is no coverage under the Policy for the *Pace* Action.

## COUNT I
### (Declaratory Judgment – No Duty to Defend)

38. RSUI repeats and realleges paragraphs 1 through 37 above as if fully set forth herein.

39. An actual controversy exists between RSUI and Parlor about RSUI's defense obligations under the Policy, if any, to Parlor for the *Pace* Action.

40. RSUI is entitled to a declaration that it has no duty under the Policy to defend Parlor for the *Pace* Action because the Policy specifically excludes damage directly or indirectly arising from any actual or alleged assault and/or battery.

## COUNT II
### (Declaratory Judgment – No Duty to Indemnify)

41. RSUI repeats and realleges paragraphs 1 through 40 above as if fully set forth herein.

42. An actual controversy exists between RSUI and Parlor about RSUI's indemnity obligations under the Policy, if any, to Parlor for the *Pace* Action.

43. RSUI is entitled to a declaration that it has no duty under the Policy to indemnify Parlor in connection with the *Pace* Action because the Policy specifically excludes damage directly or indirectly arising from any actual or alleged assault and/or battery.

## PRAYER FOR RELIEF
### (Counts I and II)

WHEREFORE, RSUI seeks a declaration:

A. That RSUI has no duty to defend Parlor because the Assault and Battery Exclusion in the Policy completely bars coverage for the *Pace* Action;

B. That RSUI has no duty to indemnify Parlor because the Assault and Battery Exclusion in the Policy completely bars coverage for the *Pace* Action;

C. For any other relief that this Court finds just and proper.

Dated: August 27, 2021

Respectfully submitted,

/s/ Neil E. Holmen
Neil E. Holmen (#1250027)
Cassandra L. Jones (#6309352)
Matthew W. Casey (#6299254)
WALKER WILCOX MATOUSEK LLP
One North Franklin Street, Suite 3200
Chicago, Illinois 60606
Telephone: (312) 244-6700
Facsimile: (312) 244-6800
nholmen@walkerwilcox.com
cjones@walkerwilcox.com
mcasey@walkerwilcox.com
*Attorneys for Plaintiff RSUI Indemnity Company*